UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JAMEEL MALIK SIMMONS,**

    Petitioner,

v.                                   CIVIL NO. 2:21cv102
                                [ORIGINAL CRIMINAL NO. 2:18cr138]

**UNITED STATES OF AMERICA,**

    Respondent.

**FINAL OPINION**

This matter comes before the court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed pro se on February 17, 2021. ECF No. 46. The United States filed a response in opposition on March 17, 2021. ECF No. 53. The Petitioner did not file a reply.

### I. Procedural History

On September 5, 2018, a grand jury returned a four-count criminal Indictment against the Petitioner. ECF No. 1. Counts One and Two charged the Petitioner with Distribution and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Id. Count Three charged the Petitioner with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). Id. Lastly, Count

Four charged the Petitioner with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Id.

On August 5, 2019, with the assistance of counsel, the Petitioner entered a plea of guilty to Counts Two and Three at a hearing before United States Magistrate Judge Douglas E. Miller. ECF No. 27. A Plea Agreement and Statement of Facts were filed the same day, and Magistrate Judge Miller entered an Order Accepting the Plea. ECF Nos. 28-30.

The court held a two-day sentencing hearing on February 25 and 26, 2020. ECF Nos. 40, 42. The court adjudged the Petitioner guilty and sentenced him to sixty-three (63) months imprisonment on Count Two and sixty (60) months on Count Three, to be served consecutively with the sentence imposed on Count Two, and six (6) years supervised release.[1] ECF No. 43.

The Petitioner timely filed the present Motion on February 17, 2021. ECF No. 46; see 28 U.S.C. § 2255(f)(1). In the Motion, the Petitioner asserts that he was deprived of his Sixth Amendment right to the effective assistance of counsel because his attorney (1) failed to inform him of the elements of the § 924(c) offense and (2) coerced him to plead guilty instead of going to trial. See ECF No. 46 at 14-15.

---

[1] The Defendant's federal sentence is consecutive to sentences imposed by the Portsmouth Circuit Court. ECF No. 43 at 2.

## II. Legal Standards

A petitioner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or the laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving the asserted grounds for relief by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court shall vacate, set aside, or correct the conviction or sentence, as appropriate. See 28 U.S.C. § 2255(b). If the § 2255 motion, however, when viewed against the record, conclusively shows that the petitioner is not entitled to relief, then the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

The Sixth Amendment provides defendants a right to effective assistance of counsel. U.S. Const. amend. VI; see Strickland v. Washington, 466 U.S. 668, 686 (1984). To succeed on an ineffective assistance of counsel claim, a § 2255 petitioner must show that (1) the counsel's representation was deficient, that is, that counsel "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) such deficient performance prejudiced the defense. Strickland, 466 U.S. at 687.

To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). The court must attempt to "eliminate the distorting effects of hindsight," and instead "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see also Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009) (stating that if "counsel conducts a reasonable investigation of law and facts in a particular case, his strategic decisions are 'virtually unchallengeable'") (quoting Strickland, 466 U.S. at 690). To demonstrate prejudice in a case where the petitioner has pleaded guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A hearing is not required under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Generally, evidentiary hearings are conducted only in "extraordinary circumstances," in which there are disputed material facts about non-frivolous habeas allegations. United States v. White, 366 F.3d 291, 300 (4th Cir. 2004). Moreover, absent extraordinary

circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established," and without a hearing, the court should "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005).

### III. Analysis

#### A. Elements of the § 924(c) Offense

The Petitioner first argues that he was deprived of his Sixth Amendment right to the effective assistance of counsel because his attorney did not tell him that the United States would have to prove that he "actually possessed" a firearm in order to convict him of an offense under 18 U.S.C. § 924(c).[2] ECF No. 46 at 14. The Petitioner contends that he did not possess a firearm during a drug transaction because his firearm was "in a cabinet in the

---

[2] The Petitioner also states that his attorney failed to inform him that the United States would be required to prove that there was "a substantial amount of drugs [involved] in the case." ECF No. 46 at 14. He asserts that he would have gone to trial, if he had known this because "[i]n [his] case there [were] only 2 grams of heroin." Id. Neither of the offenses of conviction required the United States to prove that the Petitioner possessed, distributed, or possessed with intent to distribute a particular amount of a controlled substance. To the extent that the Petitioner is suggesting that the amount of drugs in this case is too small to establish that he was involved in distributing a controlled substance, the Petitioner admitted otherwise in the Statement of Facts, ECF No. 29 at 2, and he swore under oath that the facts in the Statement of Facts were correct, ECF No. 50 at 22-24. The court also notes that the Petitioner has "slightly" understated the amount of drugs involved in this case. See PSR ¶ 28 (attributing the Petitioner with 981.691 grams of heroin).

5

kitchen," and the drug transaction in question took place outside the house. Id. The Petitioner thus argues that he would have opted for trial, if his attorney had explained to him that these facts would have been insufficient to prove his guilt on the § 924(c) charge. Id.

The Petitioner is mistaken to believe that he could be convicted of violating 18 U.S.C. § 924(c) only if he had a firearm on his person at the precise moment a drug transaction occurred. That is not a correct statement of the law, and it was not error for the Petitioner's attorney to fail to explain a § 924(c) charge in this way. See generally United States v. Mingo, 237 Fed. App'x 860, 863 n.1 (4th Cir. 2007) (discussing what it means to "possess" a firearm under § 924(c)); United States v. Lomax, 293 F.3d 701, 705-06 (4th Cir. 2002) (discussing what it means to possess a firearm "in furtherance of" a drug trafficking crime under § 924(c)).

Furthermore, the record in this case shows that the magistrate judge reviewed the elements of an offense under § 924(c) with the Petitioner at the plea hearing:

> To convict you of this offense, the United States would have to prove each of these elements beyond a reasonable doubt: First, that in the Eastern District of Virginia you committed a drug trafficking offense for which you could be prosecuted in the courts of the United States. This would include the crime of possession with intent to distribute heroin as described in count two.

> Second, the government would have to prove that during and in relation to the commission of this drug trafficking offense, you knowingly possessed a firearm in furtherance of the drug trafficking offense. Possessing a firearm means that you either had one on your person or that it was located in a place where you could exercise control over it. And your possession of the firearm must have furthered in some way the drug trafficking offense.

ECF No. 50 at 9. When asked, the Petitioner confirmed that he understood the elements of the offense as explained by the magistrate judge, contrary to what the Petitioner now claims in his § 2255 motion. Compare id., with ECF No. 46 at 14 ("I had no knowledge as to what [the offense] was, nor did I know what the factors [were] to actually prove guilt for this particular charge."). Later in the hearing, the magistrate judge again described the § 924(c) offense and asked the Petitioner whether he understood the charge. ECF No. 50 at 22. And again, the Petitioner confirmed that he understood the elements of the offense.

Based on the foregoing, the Petitioner cannot demonstrate that he was prejudiced by his counsel's alleged error. Even assuming the Petitioner's attorney incorrectly stated the elements of a § 924(c) offense to the Petitioner, the magistrate judge's careful and correct statement of the law remedied any error in counsel's performance. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995).³ Because the Petitioner pleaded guilty after

---

³ In Foster, the Fourth Circuit explained: "[I]f the information given by the court at the Rule 11 hearing corrects or

7

stating twice under oath that he understood the nature and elements of the § 924(c) charge as explained by the magistrate judge, the Petitioner has not shown "a reasonable probability that, but for counsel's [supposed] errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 474 U.S. at 59.

### B. Coercion

Next, the Petitioner asserts that his counsel "coerced" him into pleading guilty. ECF No. 46 at 14-15. The Petitioner alleges that he "pled guilty because [his] lawyer actually scared [him] with all the time [he] could be facing if [he] didn't plead out." Id. at 15.

This claim also lacks merit in light of the record in this case. The transcript of the plea hearing contains the following exchange between the magistrate judge and the Petitioner:

> Q. Has anyone, including your attorney or the attorney for the United States, made any promise of leniency or any promise of any kind in return for your guilty plea other than what is contained in this 10-page plea agreement?
>
> A. No, sir.
>
> Q. Has anyone threatened you in any way or tried to force you to plead guilty?
>
> A. No, sir.

---

clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." 68 F.3d at 88 (quoting United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992)).

8

> . . . .
>
> Q. Have you had the opportunity to discuss your case with [your attorney]?
>
> A. Yes, sir.
>
> Q. Have you discussed all of the facts of the case with him?
>
> A. Yes, sir.
>
> Q. Are you satisfied that he's fully considered the facts and discussed with you any possible defenses you may have to these charges?
>
> A. Yes, sir.

ECF No. 50 at 15-16. Later in the proceeding, the magistrate judge asked the Petitioner if he was "entering this plea agreement freely and voluntarily?" ECF No. 50 at 20. The Petitioner answered, "Yes, sir." Id. The magistrate judge also reviewed the possible penalties that the Petitioner could face as a result of pleading guilty and warned the Petitioner that "it is impossible for either the Court or for your attorney to know precisely what sentence range will be prescribed by the guidelines." Id. at 8-10, 18. The Petitioner confirmed his understanding of the potential penalties that he could face upon pleading guilty. Id.

Based on the foregoing, the Petitioner "was in no way prejudiced by [any error in counsel's sentencing prediction] given the [magistrate judge's] careful explanation of the potential severity of the sentence" at the plea hearing. Foster, 68 F.3d

9

at 88. Moreover, the Petitioner confirmed, under oath, that he was entering a plea of guilty freely and voluntarily, and not because of coercion or promises made to him. The Petitioner's claim to the contrary on habeas review is insufficient to warrant relief. See Lemaster, 403 F.3d at 222.

### IV. Conclusion

For the reasons stated herein, the Petitioner's Motion under § 2255, ECF No. 46, is **DENIED**. The Petitioner is **ADVISED** that he may appeal from this Final Opinion by filing a written notice of appeal with the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said notice of appeal must be filed within sixty (60) days of the entry of this Final Opinion. The court declines to issue a certificate of appealability for the reasons stated in this Final Opinion.

The Clerk is **DIRECTED** to forward a copy of this Final Opinion to the Petitioner; the Petitioner's former counsel; and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

May 20, 2021